
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TRUSTEES LABORERS LOCAL UNION NO.
1298 OF NASSAU & SUFFOLK COUNTIES,
BENEFIT FUNDS

                         Plaintiffs,

                  -against-

TIKI INDUSTRIES INC.

                         Defendant,
------------------------------------------------------------x

For Online Publication Only

Docket No. 19-CV-6643

**DEFAULT JUDGMENT**

**FILED
CLERK**
2:05 pm, Jan 07, 2022
**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

Having reviewed all of the moving papers, I hereby find as follows:

This action having been commenced on November 25, 2019, by filing of the Summons and Complaint, and a copy of the Summons and Complaint having been served on the Defendant, TIKI INDUSTRIES INC., on December 16, 2019, and proof of service having been filed on January 2, 2020, and the Defendant TIKI INDUSTRIES, INC., not having appeared, answered or otherwise moved with respect to the Complaint, and the time for appearing, answering or otherwise moving having expired.

**Service of Process and Default**

    The record reflects that proper service was made on defendant. Docket Entry ("DE") 5. According to the record, no answer, motion or other appearance was filed on behalf of defendant.

    The Clerk has properly entered notation of default pursuant to Fed. R. Civ. P. 55(a).

**Liability**

Defendant's default constitutes "an admission of all well-pleaded allegations against the defaulting party." *Vermont Teddy Bear Co. v. 1–800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir.2004). Nevertheless, the Court is "required to determine whether the [plaintiffs'] allegations establish [defendant]'s liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 85 (2d Cir. 2009). Based upon examination of the complaint and motion papers, I find that plaintiffs have demonstrated that the uncontroverted allegations, without more, establish the defendant's liability on the following cause(s) of action[1]:

**On the First and Third Causes of Action:**

(a) In the sum of $588,822.90 for the period May 1, 2017, through October 4, 2020, plus interest calculated at ten percent (10%) of the unpaid principal amount due, and liquidated damages calculated at ten percent (10%) of the unpaid principal amount due based on the Collective Bargaining Agreement between the Plaintiff and Defendant.

(b) Attorneys' fees, statutory damages, court costs, audit fees and disbursements incurred as set forth by the Policy for the Collection of Delinquent Contributions, in the Collective Bargaining Agreement, and as mandated by Section 502(g)(D) of ERISA, 29 U.S.C. Section 1132(g)(2)(D).

**On the Second Cause of Action:**

(a) In the sum of $588,822.90 for the period May 1, 2017, through October 4, 2020, plus interest calculated at ten percent (10%) of the unpaid principal amount due, and liquidated damages calculated at ten percent (10%) of the unpaid principal amount due based Section 502 of ERISA (29 U.S.C. Section 1132) which provides that, upon an Employer violation of Section 515 of ERISA (29 U.S.C. 1145), which requires employers to pay fringe benefit contributions in accordance with collective bargaining agreements and trust indentures, a court must award payment to a fund of the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal, both computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. Section 6621),

---

[1] The Plaintiffs are not seeking relief for the Fourth Causes of Action in the Complaint which are for an injunction.

    together with reasonable accountant fees, attorney fees, audit fees, and costs and disbursements.

    (b) Attorneys' fees, statutory damages, court costs, audit fees and disbursements incurred as set forth by the Policy for the Collection of Delinquent Contributions, in the Collective Bargaining Agreement, and as mandated by Section 502(g)(D) of ERISA, 29 U.S.C. Section 1132(g)(2)(D).

DE 1.

**Damages**

Based upon a review of affidavits and other documentary evidence, see *Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (holding a court may rely upon affidavits and documents in calculating damages upon default), I find that the plaintiff has established damages in the following amounts:

  Principal Damages, DE 1 and DE 9     $588,822.90

  Basis:

  An audit as attached to the Affidavit of James Cornell.

  Pre-judgment interest: not applicable     DE  not applicable

  Attorneys' Fees     $2,000.00[2]

| Provider Type | Presumptive Maximum Rate | Rate Sought | Hours Requested | Documented in | Fees |
|---|---|---|---|---|---|
| Paralegal | $110 | N/A | | DE _____ | |
| Associate Attorney | $100-295[3] | $200 | 10 | DE  20  | $2,000.00 |
| Partner | $200-375 | N?A | | DE _____ | |

---

[2] *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (the lodestar creates the "presumptivelyreasonable fee").
[3] *Gesualdi v. Seacoast Petroleum Prods., Inc.*, 97 F. Supp. 3d 87, 105-06 (E.D.N.Y. 2015).

| | | |
|---|---|---|
| Costs, DE 10 and DE 12 | | $ 607.50[4] |
| 1. Filing Fee: | $400 | |
| 2. Process Server Fee: | $207.50 | |
| 3. Other: none | | |
| TOTAL | | **$607.50** |

**Conclusion**

For the foregoing reasons, plaintiffs' motion is granted, and plaintiffs are awarded damages in a manner consistent with this opinion.

ORDERED, ADJUDGED AND DECREED: That the Plaintiffs have judgment against the Defendant, TIKI INDUSTRIES, INC., in the liquidated amount of $709,134.98 which includes the benefit fund contributions in the principal amount of $588,822.90; interest calculated at ten percent (10%) amounting to $58,882.29; liquidated damages calculated at 10% of the principal amounting to $58,882.29; costs totaling $607.50; and reasonable attorney fees in the amount of $2,000.00.

ORDERED, that the Judgment rendered by the Court on this day in favor of the Plaintiff's, be entered as a final judgment against Defendant, TIKI INDUSTRIES INC., and the Clerk of the Court is directed to enter such judgment forthwith

**SO ORDERED.**

/s/ JMA
Hon. Joan M. Azrack, United States District Judge

1/7/2022
Date
Central Islip, New York

---

[4] *Alland v. Consumers Credit Corp.*, 476 F.2d 951 (2d Cir. 1973) ("costs" generally include such expenses as filingfees).